## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARGOT PATSCHECK,

    Petitioner,

v.                                     **CIVIL NO. 05-0190 JB/DJS**

WILLIAM SNODGRASS, Warden,

       Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.  This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-97-918-6 in the Eleventh Judicial District, San Juan County County, New Mexico. In that proceeding Petitioner was convicted, pursuant to a jury verdict, of four counts of Criminal Sexual Penetration, eight counts of Criminal Sexual Contact, and two counts of Conspiracy. Pursuant to that conviction, Petitioner was ultimately sentenced to seventy-three and one-half years imprisonment.

2. Petitioner challenges her conviction first on the ground that her attorney provided her with ineffective assistance at trial. Petitioner asserts that her counsel labored under a conflict of interest because he pursued a joint defense with counsel for her husband, who was also tried for numerous

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

related crimes at the same trial. In addition, she asserts that her attorney failed to investigate her case and possible defenses, unreasonably failed to consult a mental health expert witness, pursued an unreasonable trial strategy, failed to present any witnesses in support of a duress defense, failed to inform Petitioner of a plea offer, failed to inform Petitioner of her right to testify in her own defense, failed to request appropriate jury instructions, failed to present evidence of duress in seeking mitigation of her sentence, and constituted ineffective counsel due to the cumulative effect of the foregoing errors.

3. Petitioner's convictions stem for years of physical and sexual abuse inflicted upon her children, Demetria and David Huffman, by Petitioner and by her second husband, Richard Patscheck. Demetria eventually reported the abuse to an instructor at the college she was attending, resulting in an investigation and the arrest of Petitioner and Richard Patscheck. At trial, both Demetria and David Huffman were called by the prosecution and testified regarding the acts performed upon them and in which they were required to participate.

4. 28 U.S.C. §2254(b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Petitioner pursued a direct appeal and also sought state *habeas* relief. Those efforts resulted in her convictions on two counts being reversed. In addition, an evidentiary hearing on the question of ineffective assistance of counsel was held in state court. Despite the lengthy procedural history in the New Mexico Courts, Respondent asserts that Petitioner has failed to exhaust her state court remedies, or, alternatively, has procedurally defaulted some of her claims. Specifically, Respondent argues that Petitioner failed to exhaust her claims that her attorney incompetently failed to interview a potential witness, David Huffman, prior to trial, that her attorney failed to investigate

2

and discover her lack of competence to stand trail, and that her attorney failed to present evidence of duress and abuse in mitigation of her sentence. Further, Respondent contends that Petitioner is not entitled to relief on any of the claims presented in her federal *habeas* petition. Petitioner rejoins that all of her claims were fairly presented to the state courts, but that those courts failed to adjudicate many of those claims on their merits.

5. The Court finds that the Petitioner asserted her claims that her attorney failed to present evidence of duress and abuse in mitigation of her sentence before the New Mexico courts. Petitioner asserted that her attorney was ineffective for failing to present evidence of duress and abuse in her amended state *habeas* petition and the state court considered the merits of that claim. Answer, Exhibit R, p. 19-20; Answer, Exhibit V, Answer, Exhibit LL. Consequently, she exhausted her state court remedies as to that claim.

6. With regard to Petitioner's claim that her trial counsel incompetently failed to interview the witness David Huffman prior to trial, the question of exhaustion becomes less clear. This is primarily because Petitioner changed her allegation with regard to Huffman, one of the victims and her son. In Petitioner's Amended Petition for Writ of Habeas Corpus filed on January 2, 2002 in New Mexico District Court (Answer, Exhibit R), Petitioner alleged "...defense counsel were unable to interview either Demetria or David Huffman until a few weeks before the trial. During these interviews, Demetria and David revealed more incidents of severe physical and mental abuse which should have led Petitioner's attorneys into an investigation of the possibility of pursuing a defense based on the battered women's syndrome.... Even after Demetria and David consented to a pre-trial interview, counsel never conducted a follow-up investigation" Answer, Exhibit R, p. 17. In her petition before this Court, Petitioner alleges "Mr. Bierly admitted at the limited evidentiary

hearing...that he did not recall interviewing Lucy Joiner, David, Demetria, or Margot's friend, Carol Smith. Mr. Bierly frankly admitted that he never interviewed any witness prior to trial about the signs and symptoms of abuse or the Battered Women's Syndrome." Petition for Writ of Habeas Corpus filed February 22, 2005 (Docket No. 1), p. 23. The Court notes that a declaration by David Huffman made in September, 2002, which details abuse of Petitioner at the hand of Richard Patscheck and asserting that it would be in his family's best interest if Petitioner was released was attached to Amended Habeas Petition filed in state Court. Nonetheless, given Petitioner's representation to the state court that her counsel <u>had</u> interviewed David Huffman, but failed to develop the proper defense based upon that interview and failed to follow up the interview, this Court cannot say that the claim that Petitioner's trial counsel was ineffective for failing to interview David Huffman was fairly presented to the state court. <u>Hawkins v. Mullin</u>, 291 F.3d 658, 669-70 (10th Cir. 2002).

7. Petitioner did assert that her attorney failed to discover and present evidence that she was incompetent to stand trial in her claims made to the New Mexico courts. Specifically, in her Amended Petition for Writ of *Habeas Corpus*, Petitioner claimed that "[her] previous history as a battered woman may have raised a question concerning whether she could have relied on a battered woman defense, or if she could have pursued a mental defense based on her inability to prevent herself from committing the charged acts". Answer, Exhibit R, p. 20. Further, the state court found that the diagnostic evaluation attached to that petition concluded that her mental examination did not indicate any significant cognitive defects or severe psychopathology. Answer, Exhibit V. Consequently, Petitioner did present this claim to the New Mexico courts, which considered and rejected it.

**STANDARD OF REVIEW**

4

8. In examining the merits of Petitioner's claims, this Court must view the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)).  This deference is afforded to the state court's decision even though the state court did not specify the reasons underlying its decision. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999). Petitioner erroneously argues that the rulings of the New Mexico courts cannot be presumed factually correct in her case because the state court failed to provide any rationale for its decisions. Petition (Docket No. 1), p. 14. That assertion is squarely contradicted by the holding in Aycox, *supra*. "Where, as here, there is no indication suggesting that the state court did not reach the merits of a claim, we have held that a state court reaches a decision 'on the merits' even when it fails either to mention the federal basis  for the claim or cite any state or federal law in support of its conclusion." Gipson v. Jordan, 376 F.3d 1193, 1196(10th Cir. 2004) (citing Aycox) cert. denied, 126 S.Ct. 729 (2005).

9. When reviewing a state court's application of federal law, federal courts are precluded from

issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must conclude that the state court's result--not its rationale--is "legally or factually unreasonable." <u>Aycox</u>, 196 F.3d 1177.  In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing §2254(e)(1)). Quite simply, the "AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal determinations." <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1470 (10th Cir.1997).

**MERITS**

10. In order to prevail on a claim of ineffective assistance of counsel,  Petitioner must show that her attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced her defense. <u>Strickland v. Washington,</u> 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential and indulges a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. <u>Rogers v. United States</u>, 91 F.3d 1388, 1392 (10th Cir. 1996); <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1478 (10th Cir. 1995) (citations omitted). Under the prejudice aspect of <u>Strickland</u> as applied to trial counsel, a federal court inquires whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Rogers</u>, 91 F.3d at 1392. Petitioner must establish that counsel's deficient performance rendered her trial fundamentally unfair or unreliable. <u>Id.</u> Essentially, Petitioner's ineffective assistance of counsel claims revolve around the contention that her attorney should have defended the charges against her on the basis that she suffered from battered women's syndrome and only acted under duress from Richard Patscheck.

6

11. Petitioner asserts that her attorney labored under a conflict of interest because he pursued a joint defense with her husband, Richard Patscheck. Because there was no objection at trial to the joint defense, Petitioner must show that her counsel actively represented conflicting interests. United States v. Soto Hernandez, 849 F.2d 1325, 1329 (10th Cir. 1988). Under the Supreme Court's standard set forth in Cuyler v. Sullivan, 446 U.S. 335 (1980), in order to establish an actual conflict, Petitioner has the burden of showing specific instances to support her contention of an actual conflict adverse to her interests. See United States v. Burney, 756 F.2d 787, 792 (10th Cir.1985). Here, Petitioner claims that she was prevented from asserting a defense of duress and from alleging that she suffered from battered women's syndrome by her attorney's strategy of pursuing a joint defense with Richard Patscheck. In addition, she contends that her attorney was inhibited from accepting a plea offer which involved cooperation in the prosecution of Richard Patscheck. Petition (Docket No. 1), p. 17.

12. When assessing this claim, the New Mexico *habeas* court concluded that counsel was not ineffective for failing to pursue a duress defense in light of Petitioner's denial of the allegations of the victims. Answer, Exhibit LL, ¶¶ 4, 5, 7.Given that both defendants asserted that the sexual acts alleged had not occurred, Petitioner's defense was congruous with Richard Patscheck's. The Court notes that Petitioner did not seek a divorce from Richard Patscheck until October, 2000, well after trial. Answer, Exhibit O to Exhibit Y of the Answer. Petitioner cannot show that she was prevented from asserting a defense of duress based on the battered women's syndrome by reason of her attorney pursuing a joint defense with her husband unless she can overcome the state court's factual finding that she not only failed to admit to her attorney that she committed the acts constituting the crimes of which she was convicted, but that she continued to refuse to acknowledge those acts after

conviction and at her evidentiary hearing. Answer, Exhibit LL, ¶¶ 5, 7, Answer, Exhibit V, ¶2. Petitioner must overcome those findings by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Petitioner has failed to do so. Similarly, the joint defense did not impinge upon Petitioner's acceptance of the plea offer. Rather, Petitioner's refusal to admit to committing any of the acts would have prevented her from cooperating in Richard Patscheck's prosecution in order to obtain the favorable plea bargain. Petitioner has failed to meet her burden of presenting clear and convincing evidence overcoming the state *habeas* court's factual findings. Consequently, she has not met her burden of showing specific instances in support of her assertion of an actual conflict of interest. Accordingly, she is not entitled to relief on this claim.

13. Under the same logic, Petitioner's claim that her attorney was ineffective for failing to present a defense of diminished capacity, duress, and/or battered women's syndrome fails to state a claim for which she is entitled relief. More precisely, such a trial strategy would require that Petitioner admit to the acts charged, but claim coercion by Richard Patscheck. Petitioner's refusal to acknowledge the acts of abuse she inflicted upon her children, even for the purpose of asserting that she was forced into those acts by her husband would have foreclosed that trial strategy even if her attorney had considered it. Cf. Bryan v. Mullin, 335 F.3d 1207, 1223 (10th Cir. 2003) (Decision not to present mental health evidence not objectively unreasonable where the defendant was adamant about pursuing an innocence defense) cert. denied 541 U.S. 975 (2004). "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." Strickland, 466 U.S. at 691. In a

declaration made in December, 2001 in support of her petition for *Certiorari* to New Mexico Supreme Court from the initial denial of state *habeas* petition, Petitioner asserted that she informed her attorneys and their investigators of some of her history of physical and mental abuse, but that the matter was not investigated at her trial. Answer, Exhibit H to Exhibit Y of the Answer. This assertion is contrary to the factual finding of the New Mexico *habeas* court. Answer, Exhibit LL, ¶5. Further, an investigator's report to her attorney prior to trial related that Petitioner reported abuse by her first husband, but did not indicate that she told the investigator about abuse by Richard Patscheck. Answer, Exhibit G to Exhibit Y of the Answer. Given Petitioner's denial of the events alleged and testified to by her children and her failure to communicate with her attorney, counsel's failure to pursue a defense based upon the battered women's syndrome or duress was not objectively unreasonable.

14. Plaintiff asserts that her attorney was ineffective for failing to pursue an adequate pretrial investigation. Petition (Docket No. 1), p. 18-19. She asserts that the failure to investigate meant that her trial counsel did not learn of Petitioner's history of abuse, did not interview David Huffman prior to trial, did not know that Petitioner's husband used a stun gun on her, did not consult with an expert witness regarding battered women's syndrome, and never did an investigation to determine whether "the alleged joint denial was even credible". Petition (Docket No. 1) p. 19.  As discussed at ¶5 of these proposed findings, Petitioner failed to present her claim that her counsel did not interview David Huffman to the New Mexico courts and has made inconsistent assertions regarding that claim. With regard to the remainder of the consequences Petitioner attributes to her attorneys' failure to investigate, she does not explain how she was prejudiced by those failures in light of her denial of the victims' allegations. Petitioner's denial of her children's allegations is not merely alleged, her denial

of the facts leading to her conviction was found by the New Mexico *habeas* court and has not been countered by any evidence presented by her. Even if her attorneys determined that Petitioner's denial of the claims was not credible, the fact of that denial would not permit them to embark on the trial strategy Petitioner now espouses. Under these circumstances, Petitioner has failed to demonstrate any prejudice from the alleged failure to make a pre-trial investigation and failed to show that such an investigation would have brought about a different result at trial.

15. Petitioner separately asserts that counsel was ineffective for failing to counsel an expert witness regarding her mental health and to present the testimony of such an expert. Where a client's behavior gives no reason for an attorney to question her competency, the attorney has a limited duty to inquire into her mental state. See Miles v. Dorsey, 61 F.3d 1459, 1476 (10th Cir.1995) (Old evaluation of petitioner indicated he was untruthful, although competent, and work history did not indicate problems with competency). Prior to the resolution of Petitioner's first state *habeas* petition and in aid of sentencing, Petitioner underwent a diagnostic evaluation which the state *habeas* court found "did not indicate any significant cognitive defects or severe psychopathology." Answer, Exhibit V, ¶4. The sixty-day diagnostic evaluation was completed in November, 2000 and appears in the record as Exhibit O to Exhibit Y of the Answer, in which Exhibit Y is Petitioner's Petition for Certiorari to the New Mexico Supreme Court following the initial denial of her state *habeas* petition. At the time of the evaluation, Petitioner denied the charges of which she was convicted and maintained that the allegations were falsified by her children. Answer, Exhibit Y, at Exhibit O, p. 4. The report states that Petitioner's evaluators found that she had no cognitive problems, but that she possibly had a significant (narcissistic) personality disorder and a paraphilia. Id. p. 9. Petitioner asserts, without any support, that expert testimony at trial might have brought about a different result

and helped to explain her acts of submission, disassociation, and learned helplessness. Petition (Docket No. 1), p. 21. That assertion is not supported by her evaluation and she has not shown that her attorney's failure to present such testimony rendered her trial fundamentally unfair or unreliable. See United States v. Cronic, 466 U.S. 648, 665 n. 38 (1984) (In considering claims of ineffective assistance of counsel, federal *habeas* courts address not what is prudent or appropriate, but only what is constitutionally compelled). Further, such expert testimony would have been at odds with Petitioner's blanket denial that her children were abused by her or by Richard Patscheck.

16. Petitioner contends that her attorney followed an unreasonable trial strategy by accepting her denial of the accusations against her uncritically and without any investigation. Petition (Docket No. 1), p. 21. Petitioner asserts that her attorney should have "been prepared to present a coherent defense based on coercion and duress", Id. at 22, and that he was not obligated to accept her version of the offense. This Court can find no support for the proposition that, in order to render effective assistance of counsel, an attorney is required to show his client as a liar and to conduct an investigation at odds with the information given to him by his client. Rather, as noted by the Supreme Court in Strickland, attorney's actions are based on information provided by the client. Strickland, 466 U.S. at 691.

17. Petitioner asserts that her attorney was ineffective for failing to communicate a plea offer. Petition, p. 23. However, she goes on to say that neither she, nor her attorney, could recall whether counsel communicated the plea bargain offer to Margot. Id. That assertion falls far short of showing that her attorney failed to communicate the offer. Further, as discussed, *supra*, although Petitioner contends that her attorney was not in a position to assess her ability to cooperate in the prosecution of Richard Patscheck, such cooperation was impossible given Petitioner's denial of the allegations

11

against her and her husband.

18. Petitioner also asserts that her attorney failed to inform her of her right to testify on her own behalf. In her state *habeas* petition, Petitioner characterized this as a failure to provide a "meaningful opportunity" to testify. Answer, Exhibit R, p. 30. Instead, her attorney advised her against testifying. Id. In her federal petition, Petitioner states that at the evidentiary hearing her attorney admitted that he did not "seriously discuss" the possibility of Petitioner testifying in her own defense. "The Supreme Court has recognized that the Constitution protects a defendant's right to testify on his own behalf at a criminal trial as  'essential to due process of law in a fair adversary process.' " United States v. Ruiz-Castro, 92 F.3d 1519, 1529 (10th Cir.1996) (quoting Rock v. Arkansas, 483 U.S. 44, 51 (1987)) (additional quotation omitted). The defendant, not counsel, makes the decision whether or not to testify. See United States v. Janoe, 720 F.2d 1156, 1161 & n. 10 (10th Cir.1983).

19. Petitioner's claim fall short of describing a violation of her constitutional right to testify in her own defense. She does not allege that her attorney told her she could not testify or that she was ignorant of that right. Further, she does not allege that she sought to testify in her own defense but was prevented from doing so. See United States v. Janoe, 720 F.2d 1156, 1161 n. 9 (10th Cir.1983) (holding that right to testify not denied where "defendant made no objection to his attorney's statements that defendant would not testify and made no request to testify").  Petitioner may have been influenced by her counsel's advice suggesting that she not testify, but any such influence does not amount to ineffective assistance of counsel. Cf. Hooks v. Ward, 184 F.3d 1206, 1219 (10th Cir.1999) (quotation omitted) (finding no error when counsel advised defendant not to testify). Further, the claim fails because Petitioner cannot show prejudice from the alleged denial. As

12

previously discussed, Petitioner denied the allegations of her children throughout the appellate process. Such a denial at trail would have been at odds with her children's testimony and physical evidence. Further, she took no opportunity to describe "years of physical, mental and sexual abuse ... deathly fear ... [and] learned helplessness...." to her attorney, his investigator, or the psychological evaluators who saw her after conviction. She provides no basis to conclude that her trial testimony would have included such descriptions and changed the course of her defense.

20. Petitioner contends that her attorney failed to request appropriate jury instructions; specifically, an instruction based on duress, coercion, diminished capacity, or other similarly reduced mental state which would have mitigated her involvement in the charged offenses. The state *habeas* court found that a defense of duress was incompatible with Petitioner's defense of innocence and with the evidence presented at trial. Answer, Exhibit V. After an evidentiary hearing, the state *habeas* court again found that a defense of duress "would be totally unrealistic...unless and until the Petitioner Patscheck was willing to admit that the alleged criminal acts actually occurred." Answer, Exhibit LL, ¶6. That court also found that a duress defense had no basis in fact. Id. at ¶11. Petitioner must rebut those findings by clear and convincing evidence, demonstrating that there was a basis in fact for a duress instruction. Further, Petitioner must show that the state court's legal conclusions are opposite to those reached by the Supreme Court; or are decided differently than a case the Supreme Court has resolved on a set of materially indistinguishable facts; or consist of an unreasonable application the governing legal principle regarding when a duress instruction is appropriate. She has failed to do any of these things and is not entitled to relief on this claim.

21. Petitioner asserts that her attorney was ineffective for failing to present evidence of duress and abuse in mitigation of her sentence. Petitioner asserts that if her attorney had investigated and

13

presented evidence of duress and the battered women's syndrome, she may have received a reduced sentence. The state *habeas* court found that this argument should be addressed at a later date. Answer, Exhibit LL, ¶15. Nonetheless, this claim fails due to lack of prejudice from the alleged omission by counsel. Petitioner does not acknowledge her psychological evaluation, conducted before she was sentenced. As already discussed, that evaluation reflected a denial of the charges of which she had been convicted, some claims of abuse by her, and some personality disorder. Answer, Exhibit Y at Exhibit O. The evaluators also questioned Petitioner's credibility and concluded that her prognosis was guarded and that the could not offer a probability of recidivism on her part. Id. at 9, 10. Given the information provided to the evaluators by Petitioner and their conclusions, there is little likelihood that her attorney could have gathered evidence showing abuse which would have altered the trial court's sentencing decision.

22. Plaintiff asserts that the cumulative effect of counsels' errors resulted in a fundamentally unfair trial. The basic premise behind most of Petitioner's allegations of ineffective assistance of counsel is that her attorneys failed by not pursuing a battered women's defense despite her denial of the charges against her and her husband. Given this Court's repeated conclusion that counsel was not ineffective or that Petitioner has not met her burden of overcoming the state courts' rulings on her claims, she has not shown cumulative error.

23. Petitioner's final claim is that she was denied an impartial judge at trial. This claim was considered and denied by the New Mexico courts. Answer, Exhibit K, p. 20, Exhibit V, ¶11. Petitioner may obtain relief by showing either actual bias by the trial judge or by showing that the appearance of bias creates a presumption of actual bias. Fero v. Kerby, 39 F .3d 1462, 1478 (10th Cir.1994). The test for assessing whether the appearance of bias is so great as to be constitutionally

intolerable is whether the judge is unable to hold the balance between vindicating the interests of the court and the interests of the accused. Id. "[J]udges for the most part are presumptively capable of overcoming [biasing] influences and rendering evenhanded justice;  and only a strong, direct interest in the outcome of a case is sufficient to overcome that presumption of evenhandedness." Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1373 (7th Cir.1994) (en banc) (quoted in Fero, 39 F.3d at 1479).

24. Petitioner's claims of bias rest upon a statement by the trial judge, made some months prior to her trial, that he would have to recuse himself from any cases in which her attorney appeared due to his dislike for that attorney. Also, she asserts that the trial judge stated prior to her trial that ninety-five percent of people charged with crimes like hers were guilty. As found by the New Mexico courts, those allegations are insufficient to establish that Petitioner was denied due process. Neither of the statements by the trial judge reveal a "strong, direct interest in the outcome of the case". Petitioner does not point to conduct by the judge which deprived her of a fair trial, both of the comments were made in other proceedings outside the jury's presence. Under these circumstances, Petitioner has not shown that the decision of the New Mexico courts is contrary to federal law and she is not entitled to relief on this claim.

**RECOMMENDED DISPOSITION**

That the petition be denied this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

15