UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARGOT PATSCHECK**,

   Petitioner,

v.                                          **CIVIL NO. 05-0190 JB/DJS**

**WILLIAM SNODGRASS, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S FURTHER PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-97-918-6 in the Eleventh Judicial District, San Juan County, New Mexico. In that proceeding Petitioner was convicted, pursuant to a jury verdict, of four counts of Criminal Sexual Penetration, eight counts of Criminal Sexual Contact, and two counts of Conspiracy. Pursuant to that conviction, Petitioner was ultimately sentenced to seventy-three and one-half years imprisonment. On June 26, 2006, this court entered proposed findings and a recommended disposition of the petition (Docket No. 22), recommending that the matter be dismissed with prejudice. Petitioner filed objections to the proposed findings and recommended disposition and, on September 12, 2006 the District Judge adopted those findings in

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

part following a *de novo* review of the case. The District Judge returned the matter to this court for further findings and reconsideration of the proposed disposition regarding the issue of exhaustion of Petitioner's claim that her trial counsel incompetently failed to interview the witness David Huffman prior to trial. (Docket No. 25). Subsequently, Petitioner filed an appeal of the District Judge's Order, which was dismissed for lack of appellate jurisdiction on November 8, 2006 (Docket No. 29).

2. Petitioner's challenges her conviction on the ground that her attorney provided her with ineffective assistance at trial. One of the bases for that challenge is her contention that her trial attorney failed to interview David Huffman, her natural son and a victim of sexual abuse perpetrated by Petitioner and her husband and co-defendant, prior to trial. Petition for Writ of *Habeas Corpus* filed February 22, 2005 (Docket No. 1), pp. 8, 19. Petitioner expanded that assertion by also stating that her trial counsel didn't recall interviewing David Huffman prior to trial and that her trial counsel "admitted that he never interviewed any witness prior to trial regarding the signs and symptoms of abuse or the battered women's syndrom. Id. at 23. Respondent contends that Petitioner failed to exhaust her remedies in state court with regard to this claim. In considering the question of exhaustion, this Court proposed:

> With regard to Petitioner's claim that her trial counsel incompetently failed to interview the witness David Huffman prior to trial, the question of exhaustion becomes less clear. This is primarily because Petitioner changed her allegation with regard to Huffman, one of the victims and her son. In Petitioner's Amended Petition for Writ of Habeas Corpus filed on January 2, 2002 in New Mexico District Court (Answer, Exhibit R), Petitioner alleged "...defense counsel were unable to interview either Demetria or David Huffman until a few weeks before the trial. During these interviews, Demetria and David revealed more incidents of severe physical and mental abuse which should have led Petitioner's attorneys into an investigation of the possibility of pursuing a defense based on the battered women's syndrome.... Even after Demetria and David consented to a pre-trial interview, counsel never conducted a follow-up investigation" Answer, Exhibit R, p. 17. In her petition before this Court, Petitioner alleges "Mr. Bierly admitted at the limited evidentiary hearing...that he did not recall interviewing Lucy Joiner, David, Demetria, or Margot's friend, Carol Smith. Mr. Bierly frankly admitted that he never interviewed any witness prior to trial about the signs and

> symptoms of abuse or the Battered Women's Syndrome." Petition for Writ of Habeas Corpus filed February 22, 2005 (Docket No. 1), p. 23. The Court notes that a declaration by David Huffman made in September, 2002, which details abuse of Petitioner at the hand of Richard Patscheck and asserting that it would be in his family's best interest if Petitioner was released was attached to Amended Habeas Petition filed in state Court. Nonetheless, given Petitioner's representation to the state court that her counsel had interviewed David Huffman, but failed to develop the proper defense based upon that interview and failed to follow up the interview, this Court cannot say that the claim that Petitioner's trial counsel was ineffective for failing to interview David Huffman was fairly presented to the state court. Hawkins v. Mullin, 291 F.3d 658, 669-70 (10th Cir. 2002).

Magistrate Judge's Proposed Findings and Recommended Disposition filed June 26, 2006 (Docket No. 22), p. 3, ¶6. The District Judge specifically directed this court to consider the proposed disposition of the claim in light of Exhibits R and KK of the Answer (Docket No. 11). Exhibit R of the Answer is the Amended Petition for Writ of Habeas Corpus filed by Petitioner in the District Court for the Eleventh Judicial District Court of New Mexico. Exhibit KK of the Answer consists of Petitioner's Proposed Findings of Fact and Conclusions of Law submitted to the Eleventh Judicial District Court following that court's evidentiary hearing on her ineffective assistance of counsel claim.

    3. In Exhibit R to the Answer, Petitioner asserted that her attorney failed to interview David Huffman until a few weeks before trial and then failed to conduct a follow-up investigation. Answer, Exhibit R, p. 17. Petitioner also asserted that her children revealed incidents of physical and mental abuse which should have led her attorneys to investigate a battered women's syndrome defense. Id. In Exhibit KK, Petitioner proposed that the state court find that "Mr. Bierly never interviewed David Huffman prior to the trial of the case." Answer, Exhibit KK, p. 7. The state district court deciding the matter did not adopt Petitioner's proposed findings. Answer, Exhibit LL.

    4. Assuming that Petitioner's assertions before the New Mexico courts are sufficient to have fairly presented her claim that her trial counsel was ineffective for failing to interview David Huffman, she is not entitled to relief on this ground. First, Petitioner has not shown a factual basis for this

allegation, variously asserting that her counsel could not recall interviewing Huffman and then that he had not interviewed Huffman at all. Next, she has not shown prejudice from the alleged ineffective failure to interview Huffman.

5. To prove ineffective assistance of counsel, a *habeas* petitioner must show (1) that trial counsel's performance was deficient, *i.e.*, that he "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. In assessing whether counsel's performance was deficient, a federal *habeas* court must free itself from the "distorting effects of hindsight" by indulging in a strong presumption that counsel acted reasonably. Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id.. Petitioner has the burden of rebutting the presumption that his counsel acted reasonably. Id..

6. Upon *habeas* review, the New Mexico district court found that prior to and during the trial of the case, Petitioner denied that the criminal acts for which she was tried occurred. Answer, Exhibit LL, ¶4. The New Mexico court also found that, prior to trial, Petitioner never admitted to her attorney that she committed those crimes. Id. at ¶5. To succeed before this Court, Petitioner must overcome these factual findings by clear and convincing evidence. 28 U.S.C. §2254(e)(1). She has not presented such evidence.

7. Petitioner contends that her attorney should have interviewed David Huffman regarding the history of physical and mental abuse of her by her husband and co-defendant, Richard Patscheck.

4

She asserts that counsel should have then prepared a defense based upon the battered women's syndrome which would demonstrate her unwilling participation in the sexual abuse of her children. Petitioner asserts that such an investigation and trial strategy should have been undertaken despite her denial of the accusations. Petition (Docket No. 1), p. 21. However, "[a]lthough trial counsel has an independent duty to investigate and make a case in defense, counsel also has to be responsive to the wishes of his client." Bryan v. Mullin, 335 F.3d 1207, 1219 (10th Cir.2003) (*en banc*) (quoting Romano v. Gibson, 239 F.3d 1156, 1181 (10th Cir.2001). In evaluating counsel's diligence, "[t]he reasonableness of counsel's decision not to investigate may be determined or greatly influenced by the petitioner's statements or behavior." Wallace v. Ward, 191 F.3d 1235, 1247 (10th Cir.1999) ; see also James v. Gibson, 211 F.3d 543, 557 (10th Cir.2000) ("we conclude counsel's failure to investigate or present other evidence as directly influenced by [the defendant]"). Petitioner maintained that her children fabricated their allegations of sexual abuse even after her conviction and while undergoing a diagnostic evaluation in aid of sentencing. Answer, Exhibit Y, at Exhibit O. Further, she did not describe Richard Patscheck's abuse of her at that time. Id.

      8. Given Petitioner's adamant denial of the allegations against her, Petitioner cannot show that the result of her trial would have been different if her attorney had interviewed her son regarding abuse of her by her then husband. Even if her attorney had obtained David Huffman's description of Petitioner's abuse, he could not have pursued the battered women's defense Petitioner now desires. Given Petitioner's denial of her crimes and failure to describe abuse by Richard Patscheck to the doctors conducting her diagnostic evaluation prior to sentencing, there is no reason to believe she would have cooperated in describing that abuse or admitting her acts to an expert witness hired to evaluate her in aid of that defense. Absent Petitioner's cooperation in describing both her own abuse

5

and the acts of abuse she perpetrated while allegedly under Richard Patscheck's control, presenting a defense based upon the battered women's syndrome would have been impossible.

### RECOMMENDED DISPOSITION

That the petition be denied this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**